## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

EDWARD WELLS,            )
                                 )
      Plaintiff,         )
                                 )
v.                       )     Civil Case No.:
                                 )
BENDERSON DEVELOPMENT   )
COMPANY, LLC,          )
                                 )
                                 )
      Defendant.       )
_____/

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, EDWARD WELLS ("Plaintiff" or "Wells"), and files his Complaint against Defendant, BENDERSON DEVELOPMENT COMPANY, LLC ("Defendant" or "BDC"), and in support he states the following:

## NATURE OF THE CLAIMS

1.     This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA") the Family and Medical Leave Act of 1996, 29 U.S.C. §2601, *et seq.* ("FMLA"), and the Florida Worker's Compensation Act, Fla. Stat. Ann. § 440.205 to redress Defendant's unlawful employment practices against Plaintiff including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff

because of his disability, and for exercising, or attempting to exercise, his FMLA and worker's compensation rights leading to Plaintiff's unlawful termination.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the FMLA and ADA.

3.     This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

5.     Plaintiff, Wells, is a citizen of the United States, and is and was at all times material, a resident of the State of Florida, residing in Manatee County, Florida.

6.     Defendant, BDC, is a Foreign Limited Liability Company with its principal place of business in University Park, Florida.

7.     Plaintiff worked remotely at various properties owned and controlled by Defendant and reported to Defendant's office located at 1605 Main Street, Suite 1005, Sarasota, Florida 34236.

8.     Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9.     Plaintiff has complied with all statutory prerequisites to filing this action.

10.     On November 23, 2020, Plaintiff timely dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on his disability, and retaliation.

11.     Plaintiff's EEOC Charge was filed within three hundred days after the alleged unlawful employment practices.

12.     On September 9, 2021, the EEOC issued to Plaintiff his Notice of Right to Sue. (Exhibit "A").

13.     This Complaint was filed within ninety days following Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

3

14.     Plaintiff began his employment with Defendant in March 2019.  Prior to his unlawful termination, Plaintiff was working for Defendant as a full-time Construction Superintendent.

15.     Plaintiff is a disabled male.

16.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.  Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

17.     At all times relevant to this action Plaintiff was able to perform the essential functions of his job with or without accommodations.

18.     In or around February 2020, Plaintiff suffered from a workplace knee injury, and required surgery to repair his torn meniscus, which is a physical condition that substantially limited his major life activities of performing manual tasks, walking, lifting, climbing, and bending.

19.     In or around June 2020, Plaintiff also suffered from a workplace shoulder injury, and required surgery to repair his torn rotator cuff, which is a physical condition that substantially limited his major life activities of performing manual tasks, lifting, and climbing.

20.     Defendant knew about Plaintiff's disability because Plaintiff informed Defendant as soon as he incurred the work-related injuries during his shifts.

21.    Specifically, Plaintiff promptly reported his injuries to Timothy Riedy, Worker's Compensation Claims, and Terry Yensan, Director of Construction, that he was injured while performing the essential functions of his position.

22.    In response to Plaintiff's reported work-related injuries, Mr. Yensan refused to initiate a worker's compensation claim or properly report Plaintiff's injury and ceased communication with Plaintiff out of discriminatory animus, interfering with Plaintiff's ability to efficiently perform his position and failing to engage in the interactive process.

23.    Approximately one month later, Plaintiff notified Defendant about his upcoming surgeries for his work-related injuries.   Defendant then initiated a worker's compensation claim.

24.    Defendant failed to inform Plaintiff of his FMLA rights, which Plaintiff was entitled to.

25.    Plaintiff requested the reasonable accommodation of a medical leave due to his scheduled surgeries, which was initially approved by Defendant.

26.    On or about August 4, 2020, Plaintiff had his knee surgery.

27.    A mere four (4) days later, Defendant terminated Plaintiff stating that they were going in a different direction, and no longer needed him.

28.     Plaintiff disputed the termination highlighting the fact that Defendant was actively hiring new employees regularly; however, Defendant reaffirmed Plaintiff's unlawful termination.

29.     Defendant failed to provide the accommodation it previously stated it would provide and failed to engage in the interactive process.

30.     Defendant terminated Plaintiff on what should have been FMLA protected leave, interfering with Plaintiff's FMLA rights.

31.     Plaintiff has been damaged by Defendant's illegal conduct.

32.     Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## COUNT I: DISABILITY BASED
## DISCRIMINATION UNDER THE ADA

33.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

34.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.  Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

35.     Plaintiff was able to perform the essential functions of his job at the time of his unlawful termination.

36.    Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

37.    Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his disability.

38.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

39.    Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## COUNT II: FAILURE TO ACCOMMODATE UNDER THE ADA

40.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

41.    At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

42.     Plaintiff was able to perform the essential functions of his job at the time of his unlawful termination.

43.     Defendant is required to engage in the interactive process and reasonably accommodate Plaintiff.

44.     Defendant violated the ADA by failing to engage in the interactive process and reasonably accommodate Plaintiff.

45.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

46.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## COUNT III: RETALIATION IN VIOLATION OF THE ADA

47.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

48.     Defendant intentionally retaliated against Plaintiff for engaging in protected activity, raising his concerns regarding Defendant's discriminatory actions

and requesting reasonable accommodations, and by unlawfully terminating Plaintiff's employment.

49.  Defendant's conduct violates the ADA.

50.  Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

51.  Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

52.  Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## COUNT IV: FMLA INTERFERENCE

53.  Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

54.  Plaintiff is a covered "employee" as defined by the FMLA because he worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

55.  At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at

Plaintiff's work location and/or within 75 miles in 20 or more workweeks in the calendar year preceding the leave request.

56.     Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

57.     Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

58.     Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

59.     Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

## COUNT V: RETALIATION IN VIOLATION OF THE FLORIDA WORKER'S COMPENSATION ACT

60.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

61.     Plaintiff exercised or attempted to exercise his worker's compensation rights.

62.     Defendant is prohibited under the Act from retaliating against Plaintiff for exercising or attempting to exercise his worker's compensation rights by means of discharge, threats to discharge, intimidation, or coercion.

63.     Defendant retaliated against Plaintiff by means of discharge.

64.     Defendant's conduct violated the Act.

65.     Plaintiff was injured due to Defendant's willful violations of the Act, to which he is entitled to legal relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)      Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b)      Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c)      Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Zane A. Herman**
Zane A. Herman
Florida Bar No.: 120106
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570 ext. 105
F: (866) 580-7499
Zane.herman@spielbergerlawgroup.com
*Counsel for Plaintiff*

11